UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN RUSHING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   23-00230 (UNA) |
| ) | |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Washington, D.C., has sued the Social Security Commissioner.  In the single-page complaint, Plaintiff alleges that he "has been receiving SSI benefits" for "almost 15 years [and] has tried many times for Medicare insurance for which he is eligible his SSI schedule is for a lifetime."  Plaintiff seeks "1.1 million dollars" and "Insurance Medicare and back bonus[es]."  Plaintiff neither identifies a "final decision of the Commissioner of Social Security," 42 U.S.C. § 405(g), nor alleges sufficient facts from which the Commissioner may reasonably identify the decision being challenged.  Consequently, this action will be dismissed by separate order.

Date: February 24, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge